### UNDERWOOD et al. v. WINKEL.
### (No. 6472.)

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1922. On Motion for Rehearing, Dec. 22, 1922. Final Rehearing Denied Jan. 31, 1923. Writ of Error Dismissed for Want of Jurisdiction March 21, 1923.)

1. **Venue ☞22(1)—Denial of plea of privilege held not error.**

An action against four defendants, brought in the county where plaintiff and two of defendants resided, is properly brought, and denial of a plea of privilege is not error.

2. **Action ☞38(6)—Causes held not joined in action for damages for conspiracy to sell sheep at excessive price.**

An action against four defendants jointly to recover damages resulting from an alleged conspiracy between the defendants to sell plaintiff two flocks of sheep belonging separately to two of the defendants at a price greatly in excess of their value held not a misjoinder of causes requiring reversal, since, if the alleged conspiracy existed, a single cause of action could be brought against all persons engaged.

3. **Conspiracy ☞21—Directed verdict for one defendant charged with conspiracy to sell sheep at excessive price held warranted.**

In an action for damages arising out of a conspiracy to sell sheep to plaintiff at an excessive price, where plaintiff himself testified that one defendant never made any representations to him, and never said anything concerning the sheep purchased, and where it merely appeared that such defendant had accompanied the others when they went to look at his brother's sheep, held, that it was error not to direct a verdict in favor of such defendant.

4. **Conspiracy ☞19—Plaintiff has burden of proving participation in conspiracy by defendant.**

In an action for damages growing out of an alleged conspiracy to sell sheep at an excessive price, the burden is on plaintiff to prove that a defendant made representations to him, or that he was a party to a conspiracy, which would make him responsible for misrepresentations made by the others, and the fact that such defendant may not have told the truth when he denied that he ever agreed to pay a commission for the sale of the sheep would amount to nothing more than a suspicious circumstance, and would not justify a verdict against him.

On Motion for Rehearing.

5. **Appeal and error ☞1173(1)—Action based on tort may be reversed as to one defendant and affirmed as to others.**

On appeal in an action in tort for damages growing out of an alleged conspiracy to sell sheep at an excessive price, the court may properly reverse and render the case in favor of a particular defendant, and affirm it as to the other defendants.

Appeal from District Court, San Saba County.

Action by A. H. Winkel against Sid Underwood and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered in part and affirmed in part.

Roy L. Walker, of Lampasas, for appellants Underwood.

N. C. Walker, of San Saba, for appellant Smith.

Mr. Wilson, of San Saba, for appellant Whitley.

Walters & Baker, of San Saba, and J. C. Darroch, of Goldthwaite, for appellee.

KEY, C. J. A. H. Winkel brought this suit in the district court of San Saba county against Sid Underwood and Jack Underwood, who resided in Lampasas county, and D. J. Smith and Walter W. Whitley, who resided in San Saba county, and sought to recover $10,350 as actual damages, and $5,000 exemplary damages. There was a jury trial, which resulted in a verdict and judgment for the plaintiff against all of the defendants for the sum of $5,850 as actual damages, and all the defendants have appealed.

The plaintiff charged in his petition that all of the defendants entered into a conspiracy, for the purpose of swindling him, in the sale to him of two flocks of sheep, one consisting of 600 head belonging to the defendant Sid Underwood, and the other of 300 head belonging to the defendant Jack Underwood. It is alleged that the plaintiff was ignorant of the sheep business, and that by reason of false and fraudulent representations made to him by the defendants Smith and Whitley concerning the two flocks of sheep he was induced to purchase them, and pay therefor $17.50 per head, when they were worth only $6 per head; and that the representations referred to were made in pursuance of a previous agreement and conspiracy entered into by all of the defendants.

[1] The defendant Sid Underwood filed a plea of privilege to be sued in Lampasas county, where he resided, which plea was overruled, and that ruling is assigned as error. The plaintiff and defendants Smith and Whitley resided in San Saba county, where the suit was brought, and the fact that the two last named defendants resided there authorized the bringing of the suit in San Saba county, although the other two defendants resided in a different county.

[2] We overrule the contention that the case should be reversed on account of a misjoinder of parties and causes of action. It is true that the petition alleges, and the proof shows, that the plaintiff purchased one flock of sheep from Sid Underwood and another from Jack Underwood, and that the first flock belonged solely to Sid Underwood, and the other one belonged solely to Jack Underwood; and if plaintiff had merely sought to recover from the two Underwoods separately that might have shown such misjoinder as would require a reversal. But the plaintiff alleged that there was a conspiracy between all four of the defendants, for the purpose of inducing the plaintiff to purchase both flocks of sheep at a price greatly in excess of their value, and, although the sale of the Jack Underwood sheep was made after the plaintiff had purchased from Sid Underwood, still, if there was a conspiracy among all the defendants for the purpose of swindling and defrauding the plaintiff as to both the sales referred to, we are of the opinion that the plaintiff can maintain one suit against all the persons engaged in such conspiracy.

[3] We sustain the third and fourth assignments of the appellant Jack Underwood, which assignments charge that the verdict of the jury finding against him is contrary to the law and the evidence, and without evidence to support it, and that the court erred in not instructing the jury to return a verdict for him. The plaintiff himself testified that the defendant Jack Underwood never made any representations to him, and never said anything that he could recall concerning the sheep purchased by him from the Underwoods; and there is an entire absence of any testimony connecting him with, or making him responsible for, anything that was said or done by the other defendants, unless it be the following facts: When the plaintiff and Sid Underwood, and the defendants Smith and Whitley, went to look at Sid Underwood's sheep, he (Jack Underwood) went with them. He testified that he could not recall why he went, but we do not believe that the fact of his presence on that occasion can be considered as tending to show that he was a party to any conspiracy, if one existed. Sid Underwood was his brother; he was in the town of Lometa, which was only a short distance from where the Sid Underwood sheep were located, and it does not seem either unreasonable or particularly strange that he should get in a car and go with the others who went to look at Sid Underwood's sheep. Also, Sid Underwood testified that he had previously employed the defendant Smith to sell his sheep, and had agreed that, if he would sell them for $18 per head, he would allow him a commission of $2.50 per head; and that he paid to Smith a commission of $2,025.00 as compensation for selling his six hundred head of sheep and his brother Jack's three hundred head. Jack Underwood testified that he had never authorized any one to offer the defendant Smith a commission for selling his sheep, and that his brother Sid Underwood had never claimed anything from him on account of having paid Smith a commission for the sale of his sheep. His testimony in that regard was not contradicted by Sid Underwood or any other witness, and, while it may be unusual for business to be transacted in that way, nevertheless it is possible that it may have occurred as related by the two Underwoods. But, if it had been shown that Jack Underwood had previously employed the defendant Smith as his agent to sell his sheep, and had agreed to give him either a commission or a specified sum per head, if he would sell them for a particular price, that fact would not warrant the conclusion that he had authorized the other defendants to misrepresent any of the sheep that were purchased by the plaintiff.

[4] Counsel for appellee have cited authorities which hold that a jury is not compelled to accept as true testimony given by a party

to the litigation, and we do not controvert the correctness of that proposition. However, the burden of proof rested upon the plaintiff to prove either that the defendant Jack Underwood made misrepresentations to him, or that he was a party to a conspiracy which would make him responsible for misrepresentations made by the other defendants; and the fact that he may not have told the truth when he denied that he had ever agreed to pay, or had ever paid, any commission or other compensation to any one concerning the sale of his sheep to the plaintiff would amount to nothing more than a suspicious circumstance, but would not justify a verdict against him. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. Also, it was legitimate for him to employ Smith or any one else to act as his agent in the sale of the sheep, and to pay him such compensation as might be agreed upon between them, and that fact, if proved, would not have justified a finding that he was a party to any conspiracy.

As to Sid Underwood, the testimony is somewhat different: but, as the entire case must be reversed, we refrain from expressing any opinion concerning his contention that the verdict against him is not sustained by the testimony. The evidence is sufficient to sustain the verdict against Smith and Whitley, the other two defendants, but we do not consider this case as belonging in that class where a judgment may be affirmed as against some of the appellants and reversed and remanded as to others, and therefore the entire judgment will be reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

[5] We are unable to concur in appellee's contention to the effect that the testimony sustains the verdict and judgment rendered against appellant Jack Underwood. Upon that question we adhere to our former opinion. However, we agree with the contention that, as the plaintiff's suit is founded upon a tort, this court can properly grant appellee's request to reverse and render the case in favor of appellant Jack Underwood, and affirm it as to the other appellants, if the verdict and judgment against them are sustained by the testimony.

We stated, in our former opinion that the evidence was sufficient to sustain the verdict against appellants Smith and Whitley, but refrained from expressing any opinion upon that subject in reference to appellant Sid Underwood. A reconsideration of the testimony has caused us to reach the conclusion that the same ruling should be made as to Sid Underwood. Not only was there more testimony against him as disclosed by his own conduct than there was against Jack Underwood, but it would seem that, as appellant Smith was his agent for the sale of the sheep, he should be held legally responsible for the misrepresentations made by Smith to the plaintiff Winkel.

For the reasons stated, the rehearing is granted, and the judgment of the trial court reversed and here rendered in favor of appellant Jack Underwood, and affirmed as against all the other appellants.

Motion granted in part.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes